UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Lisa Wall, <br><br> Plaintiff, <br> v. <br><br> Atlantic Credit & Finance, Inc., <br><br> Defendant. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §§ 1692k(d) and 1693m(g), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") and Regulation E, the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"), and the Michigan Occupational Code, M.C.L. § 339.901 *et. seq.* ("MOC") by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred in Ionia County, Plaintiff resides in Ionia County, and Defendant transacts business in Ionia County.

## PARTIES

4. Plaintiff Lisa Wall is a natural person who resides in the City of Ionia, County of Ionia, State of Michigan, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

5. Plaintiff is a "debtor" as the term is defined by M.C.L. §§ 445.251(d) and 339.901(f).

6. Plaintiff is a "consumer" as the term is defined by M.C.L. §§ 445.251(d) and 339.901(f).

7. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1693a(6).

8. Defendant Atlantic Credit & Finance, Inc., foreign corporation, with its domestic registered agent being CSC Lawyers Incorporating Service (Company), 601 Abbot Road, East Lansing, Michigan.

9. Defendant uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant and its agents are "regulated persons" as that term is defined in the MCPA at M.C.L. § 445.251(g).

12. Defendant is a "collection agency" as that term is defined by M.C.L. §§ 445.251(b) and 339.901(b).

13. Defendant is a "regulated person" as that term is defined by M.C.L. § 445.251(g).

## FACTUAL ALLEGATIONS

14. At some point prior to October of 2015, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a credit account with Citibank, N.A.

15. Sometime prior to October of 2015, Plaintiff defaulted on the debt.

16. Sometime after Plaintiff's default, the debt was consigned, placed, assigned, or otherwise transferred to Defendant for collection from Plaintiff.

17. On or about October 13, 2015, Plaintiff entered into an agreement with Defendant to make installment payments on the debt.

18. Aside from the initial payment and final payment, the parties agreed that payments of $28.50 would be taken out of Plaintiff's bank account twice per month.

19. The transfers were "preauthorized electronic fund transfers" as that term is described by 12 C.F.R §205.2(k) and 15 U.S.C. 1693a(10).

20. On or about December 31, 2015, Defendant withdrew an unauthorized amount from Plaintiff's bank account.

21. On or about December 31, 2015, Defendant withdrew more than the agreed amount of $28.50 from Plaintiff's bank account.

22. Defendant lacked permission to withdraw an amount other than $28.50 from Plaintiff on or about December 31, 2015.

23. Defendant failed to send Plaintiff reasonable advance notice of the amount and date of the transfer before the scheduled date of transfer when the preauthorized electronic fund transfer from Plaintiff's account varied in amount from the previous transfer under the same authorization or from the preauthorized amount.

24. Defendant failed to provide Plaintiff oral or written notice, within two business days after the transfers occurred.

25. As a direct, actual, and proximate result of the acts and omissions the Defendant, Plaintiff has suffered actual damages by entering into an agreement without being informed of his statutory rights, was prevented from exercising her rights, and suffered damages in the form of emotional distress, frustration, upset, and embarrassment, amongst other negative emotions caused by Defendant's acts and omissions.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

29. Defendant's conduct violated 15 U.S.C. § 1692d.

30. Defendant's conduct violated 15 U.S.C. § 1692e.

31. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt, when it made one agreement to take $28.50 on or about December 31, 2015, then took an amount in excess of $28.50.

32. Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt.

33. Defendant violated 15 U.S.C. § 1692e(5) by taking an action it was not legally entitled to take when on or about December 31, 2015, Defendant took an amount in excess of $28.50 from Plaintiff's bank account.

34. Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt when on or about December 31, 2015, Defendant took an amount in excess of $28.50 from Plaintiff's bank account.

35. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt when on or about December 31, 2015, Defendant took an amount in excess of $28.50 from Plaintiff's bank account.

36. Defendant violated 15 U.S.C. § 1692f when it collected any amount in excess of the parties' agreement when on or about December 31, 2015, Defendant took an amount in excess of $28.50 from Plaintiff's bank account.

37. Each violation of the EFTA and Regulation E by the Defendant, as outlined in this Complaint, is a violation of 15

U.S.C. § 1692f, being an unfair or unconscionable means to attempt to collect a debt.

38. Each violation of the MCPA by the Defendant, as outlined in this Complaint, is a violation of 15 U.S.C. § 1692f, being an unfair or unconscionable means to attempt to collect a debt.

39. Each violation of the MOC by the Defendant, as outlined in this Complaint, is a violation of 15 U.S.C. § 1692f, being an unfair or unconscionable means to attempt to collect a debt.

40. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT II.
### VIOLATIONS OF THE
### ELECTRONIC FUND TRANSFERS ACT
### AND REGULATION E
### 15 U.S.C. § 1693 *et seq.*
### 12 C.F.R. § 205 *et seq.*

41. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

42. The foregoing intentional and negligent acts and omissions of Defendant constitute numerous and multiple violations of the EFTA and Regulation E including, but not limited to, each and every one of the above-cited provisions of the EFTA, 15 U.S.C. § 1693 et seq. and 12 C.F.R. § 205 et seq.

43. Defendant violated 15 U.S.C. § 1693e when it used electronic fund transfers to debit Plaintiff's account on or about December 31, 2015, in excess of the amount authorized by Plaintiff.

44. Defendant violated 15 U.S.C. § 1693e(b) when it failed to send Plaintiff reasonable advance notice of the amount and date of the transfer before the scheduled date of transfer when the preauthorized electronic fund transfer from Plaintiff's account varied in amount from the previous transfer under the same authorization or from the preauthorized amount.

45. Defendant violated 12 C.F.R §205.10(b) when it when it used electronic fund transfers to debit Plaintiff's account on or about December 31, 2015, in excess of the authorization signed by Plaintiff.

46. Defendant violated 12 C.F.R §205.10(d)(1) when it failed to send the consumer written notice of the amount and date of the transfer at least 10 days before the scheduled date of transfer when it did not send a notice when the preauthorized electronic fund transfer from the Plaintiff's account varied in amount from the previous transfer under the same authorization or from the preauthorized amount.

47. As a result of Defendant's violations of the EFTA and Regulation E, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages in an amount between $100.00 and $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 169m(a)(3) from Defendant.

### COUNT III.
### VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT
### M.C.L § 445.251 *et seq.*

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the

above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq.*, with respect to Plaintiff.

50. Defendant violated M.C.L. § 445.252(a) by communicating with the Plaintiff in a misleading or deceptive manner.

51. Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim.

52. Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method(s) to collect a debt.

53. Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

54. As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

## COUNT IV.
## VIOLATIONS OF THE
## MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 et seq.

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

57. Defendant violated M.C.L. § 339.915(a) by communicating with the Plaintiff in a misleading or deceptive manner.

58. Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim.

59. Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method(s) to collect a debt.

60. Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

61. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

## COUNT II.
## VIOLATIONS OF THE
## ELECTRONIC FUND TRANSFERS ACT
## AND REGULATION E
## 15 U.S.C § 1693 *et seq.*
## 12 CFR § 205 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692m(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692m(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692m(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT III.
## VIOLATIONS OF THE
## MICHIGAN COLLECTION PRACTICES ACT
## M.C.L. § 445.251 *et seq.*

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

### COUNT IV.
### VIOLATIONS OF THE
### MICHIGAN OCCUPATIONAL CODE
### M.C.L. § 339.901 *et seq.*

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: May 17, 2016

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com